UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS E. GONZALEZ, | ) | Civil No. 03CV2005 WQH (PCL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | PROTECTIVE ORDER AND ORDER |
| v. | ) | REGULATING DISCOVERY |
| | ) | |
| CITY OF CALEXICO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.   REQUESTED DISCOVERY

Discovery was reopened by Judge Hayes per his Order on Plaintiff's Rule 56(f) motion.  (Doc. No. 138)  Therefore, Defendants are ordered to preserve all data and documents relevant to claims and/or defenses in this matter, and are ordered to respond to previously propounded written discovery, deposition questions, and any further discovery necessitated as a result of Defendants' responses thereto.  In particular, as regards claims and defenses, Defendants should produce and/or respond to the discovery requests for the following:

1.   Jesus Gonzalez' Contention Interrogatories Propounded to City of Calexico (Set One), Nos. 12, 13, 14, 17 and 20;

03cv2005

2.   Jesus Gonzalez' Demand for Production of Documents Propounded to City of Calexico (Set One) Request Nos. 12, 20, 23, 28 and 29;

3.   Jesus Gonzalez Contention Interrogatories Propounded to James L. Neujahr (Set One), Interrogatory Nos. 12, 15 and 16;

4.   Jesus Gonzalez' Contention Interrogatories Propounded to Alex Perrone (Set One) Interrogatory Nos. 12, 15 and 16;

5.   Jesus Gonzalez' Contention Interrogatories Propounded to John Renison (Set One) Interrogatory Nos. 12, 15 and 16;

6.   Jesus Gonzalez' Demand for Production of Documents Propounded to Mario Sanchez (Set One) Request Nos. 12, 20, 23, 28 and 29;

7.   Jesus Gonzalez' Contention Interrogatories Propounded to Mario Sanchez (Set One) Interrogatory Nos. 12, 15 and 16;

8.   Questions not answered on advice of counsel by Mario Sanchez at his deposition taken on November 13, 2006, 72:15-74:2.

9.   Questions not answered by any other defense witness deposed who so refused on advice of counsel.

10.  The three relevant documents inadvertently produced by Defendants may be kept as Confidential Discovery Material;

11.   Any discovery necessitated as a result of the above additional discovery.

## II. PROTECTIVE ORDER

Any documents, responses or testimony produced in compliance with this Order will be subject to the following Protective Order:

1.   Designating Confidentiality of Discovery Material. Any documents or information produced or obtained as a result of this Court Order which include "documents" and all other "writings" as defined in California Evidence Code § 250, and includes electronically stored discovery as defined in FRCP 34, deposition testimony, deposition exhibits, declarations, interrogatory responses, responses to requests for admission, responses to

1    production requests and/or subpoenas, and all other documents

2    and other "writings" produced or otherwise disclosed pursuant to

3    this Order or Judge Hayes' Order, (collectively, "Discovery

4    Material"), is entitled to disclosure under seal.  This Discov-

5    ery Material may at any time be filed or made available to

6    opposing counsel for attorneys and their eyes only, marked

7    and/or be designated as PROTECTIVE ORDER CONFIDENTIAL ("CONFI-

8    DENTIAL") following the document number applied for litigation

9    purposes, and any Discovery Material so marked and/or designated

10   shall be entitled to such protection afforded under the Protec-

11   tive Order.

12        The designation of Discovery Material as CONFIDENTIAL shall

13   be done to prevent its disclosure to anyone not listed in

14   Section 2 below and shall be limited to Discovery Material that

15   is or contains confidential employment, personnel, or personal

16   information which, if disclosed to persons other than those

17   listed below, is likely to cause harm.

18        2.   Confidential

19        The designation CONFIDENTIAL  is to be applied to Discovery

20   Material produced in response to this Order for the purpose of

21   limiting Discovery Material disclosures to the following per-

22   sons, and only those persons.  No Discovery Material designated

23   under the terms of this Protective Order shall be disclosed to

24   anyone other than on the following terms to the following

25   persons:

26        a.     "Parties."    A Party may be shown CONFIDENTIAL

27   Discovery Material.

28        b.     "All Counsel." Counsel for the respective Parties

to this litigation, including necessary secretarial , clerical, litigation support, or copy service personnel assisting such counsel in this case, whether employed by counsel or outside contractors ("All Counsel"), may be shown CONFIDENTIAL Discovery Material

c.   "Court Reporters"   Deposition court reporters and videographers ("Court Reporters") who are engaged in connec- tion with this action may be shown CONFIDENTIAL Discovery Material

d.   "The Court"   The Court, Court personnel, court reporters, videotape recorders, and mediators in connection with this action (the "Court") may be shown CONFIDENTIAL Discovery Material.

e.   "Witnesses"   At the time their testimony is taken, fact witnesses whose testimony is taken in this action ("Witnesses") may be shown CONFIDENTIAL Discovery Material.

3.   Deposition Handling of CONFIDENTIAL Discovery Materi- als:

Whenever any CONFIDENTIAL Discovery Material is elicited, introduced, disclosed, marked as an exhibit or otherwise re- ferred to in a deposition in this action:

a.   All portions of the transcript referring to said material shall be separately bound, taped and given CONFIDENTIAL Discovery Material markings and shall be subject to the terms of this Protective Order.  The court reporter shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly.  The transcript of the non-

confidential portion shall indicate that testimony disclosing
CONFIDENTIAL matters ensures and that such testimony is sepa-
rately transcribed.   Both the non-confidential and either
CONFIDENTIAL transcripts shall use a single set of continuous
page numbers so that the continuity of the deposition transcript
pagination is maintained.   If all parties agree that any given
transcript contains so many repeated references to CONFIDENTIAL
Discovery Material that they cannot practicably be segregated
from other material, then the entire transcript shall be marked
CONFIDENTIAL and shall be protected under the terms of this
Protective Order.

     b.    During those portions of the deposition discuss-
ing or disclosing CONFIDENTIAL material, only those persons
authorized under the terms of this order to have access to such
material may be present in the deposition room.

     1.   Preserving Confidentiality of CONFIDENTIAL Discovery
Material.

     Discovery Material designated as CONFIDENTIAL shall not be
used by the Party or Parties to whom the information is produced
for any purpose other than for preparation, pretrial, ADR,
settlement discussions, trial of this action, any appeal and
retrial and such Discovery Material shall not be used for any
other purpose, or in any other administrative or judicial
proceeding.   Nothing herein, however, is intended to prohibit or
proscribe the ability for the receiving Party from providing to
the client informed and meaningful advice with respect to this
action.

1    Nothing in this Protective Order shall limit or restrict

2   the rights, if any, of a Party or person to use its own Discov-

3   ery Material regardless of how another Party or person desig-

4   nates it under this Protective Order.  Furthermore, nothing

5   herein shall impose any restrictions on the use or disclosure by

6   a Party or other persons of any documents, material or informa-

7   tion lawfully obtained by such Party or other person independ-

8   ently of the discovery proceedings in this action, whether or

9   not the same documents, material or information are also ob-

10   tained through discovery proceedings in this action and placed

11   under the protection of this Protective Order.

12    The recipient of CONFIDENTIAL Discovery Material shall

13   maintain such material in a secure and safe area, and, at a

14   minimum, shall exercise the same standard of due and proper care

15   with respect to storage, custody, use, and dissemination of such

16   material as is exercised by the recipient with respect to his,

17   her, or its own confidential information.  Nothing herein shall

18   restrict the making of working copies, abstracts, digests and

19   analyses of such Discovery Material for use in connection with

20   this action, or the converting or translating of such informa-

21   tion into machine-readable form for the incorporation in a data

22   retrieval system used in connection with this action, provided

23   that access to such information in whatever form stored or

24   reproduced, shall be limited to recipients otherwise permitted

25   by this Protective Order, with the CONFIDENTIAL marking affixed

26   to any of the information so incorporated, in the manner set

27   forth above.

28    4.  Court Filings, Hearings, and Trial Involving Confiden-

tiality Designated Discovery Material.

No information marked as confidential by either side is to be submitted or referred to as part of any pleading unless the parties jointly stipulate or the information is submitted under seal upon a separate prior order by the judge before whom the hearing or proceeding will take place.  Such order shall be sought by ex parte application by the affected party with appropriate notice to opposing counsel.

In the event that any CONFIDENTIAL Discovery Material is used in any deposition, in support of motions, at trial, or in connection with any other public or semipublic proceeding relating to this matter, it shall not lose its status as CONFI-DENTIAL Discovery Material through such use, and the Parties shall take all steps reasonably required to protect its confi-dentiality during such use.

The Parties shall meet and confer after the pre-trial conference concerning appropriate methods for dealing with material designated CONFIDENTIAL at trial.  A Party may seek to seal the Court record to prohibit its disclosure on the public record.

5.    Nothing In This Protective Order Shall:

a.      Limit the right of a Party to object to the introduction into evidence of any CONFIDENTIAL Discovery Mate-rial based on relevance, authenticity, hearsay, or any other rule of evidence, substantive law, public policy or otherwise;

b.      Preclude a Party from seeking such additional protection with regard to CONFIDENTIAL Discovery Material as that Party may deem appropriate;

c.      Prevent a Party from objecting to discovery that it believes to be improper, including, but not limited to, objections based upon the privileged or confidential nature of the Discovery Material requested;

d.      Impose restrictions on the use or disclosure by a Party or person in this action of documents or information lawfully obtained independently of the discovery proceedings in this action.

e.      Impose restrictions on the use or disclosure by a Party or person in this action of documents or information previously produced as to which the Defendant's request for Protective Order has been herein denied.

This Protective Order has been entered solely for the purpose of facilitating discovery in this action.  The parties are required to produce the discovery <u>within ten days of the date of this Order</u> and production shall be made in usable form. The terms hereof and the Parties' disclosure of information or other proceedings pursuant to the terms hereof, shall not be an admission by any Party of any fact, issue or contention in this action or in any other action or proceeding.

### III. OFFICIAL INFORMATION PRIVILEGE

1.  Defendants may <u>not</u> invoke the official information privilege to limit discovery for item ten ("the three relevant documents inadvertently produced by Defendants") and those documents MUST be produced.  Further, deposition and/or interrogatory questions relating to those documents must be answered if the sole objection to answering those questions was that the documents were privileged.  Those answers, if any, will

1   be covered by this protective order.

2       2.  The official information privilege may be invoked by

3   Defendants for the remaining specified requests (items one

4   through eleven, excluding ten) and any other discovery requests

5   that may arise in the course of discovery.  HOWEVER, DEFENDANTS

6   SHOULD INVOKE THE PRIVILEGE JUDICIOUSLY.

7       3.  Bearing in mind that "the law places the burden of

8   proving all elements essential to invoking any privilege on the

9   party seeking its benefits"[1] and Defendants earlier lackluster

10  proffer for item ten (see Doc. No. 137), to invoke the official

11  information privilege for the items listed above – numbers one

12  through nine and number eleven – DEFENDANTS MUST:

13      a.  File a separate declaration for each item of discovery

14  that complies with the requirements – one through five – as set

15  forth in Hampton v. City of San Diego, 147 F.R.D. 227, 230 (S.D.

16  Cal. 1993) and in the Court's order ("the Order") dated December

17  12, 2006 (Doc. No. 137); AND

18      b.  File a brief, not to exceed ten (10) pages per

19  invocation of privilege, (1) identifying the governmental

20  privacy interest that would be threatened by disclosure of the

21  material to plaintiff and/or his lawyer and (2) how disclosure

22  under a tightly drafted protective order would create a substan-

23  tial risk of harm to significant government privacy interests.

24  Hampton, 147 F.R.D. at 231.  One brief may be filed for multiple

25  invocations of the official information privilege (e.g. a

26  submission covering three items thought to be privileged would

27  have a page limit of thirty pages); AND

28

[1]   Miller v. Panucci, 141 F.R.D. 292 (C.D. Cal. 1992)

9

c. Send to the Court, directly (2003 W. Adams Ave, Suite 220, El Centro, CA 92243), for in camera review, the documents for which the official information privilege is being invoked. The submission should be organized, clearly labeled, and bound in such a way that the pages are easy to navigate.  If a truncated version of a requested item would adequately demonstrate the underlying arguments that the documents should be privileged, then a truncated version (not to be less than ten (10) pages) should be submitted in the place of a complete document.

4.  Moreover, the submissions satisfying the above three requirements – "a" through "c" – are to be filed and/or submitted **no later than January 29, 2006**.  If Defendants intend to invoke the official information privilege but fail to comply with this order, <u>the privilege will be considered waived</u>.  If Defendants attempt to file any of the requested items listed above but fail because their submission is rejected for failure to comply with the United States District Court, Southern District of California Local Rules, <u>the privilege will be considered waived</u> for the item the submission relates to.  All citations in the submissions newly authored to comply with this order (not the documents to be discovered themselves) shall comply with the rules set forth in The Bluebook, Eighteenth Edition, or <u>the privilege will be considered waived</u>.

e. On Wednesday, January 3, 2007, at <u>2:00 p.m.</u>, Defendants shall initiate a conference call with Plaintiff and the Court. The Court will decide rule on Defendants' invocation of the official information privilege at that time.  Both parties should be prepared to answer the Courts questions with details

1    and specifics.

2         Plaintiff in particular, as "the requesting party" should

3    be prepared to (1) describe how, in the particular situation at

4    bar, the requested information is relevant to the litigation is

5    or is reasonably calculated to lead to the discovery of admissi-

6    ble evidence, (2) identify interest of plaintiff's that would be

7    harmed if the material were not disclosed, (3) specify how that

8    harm would occur and how extensive it would be, and (4) why it

9    would be impossible or impracticable to acquire information of

10   equivalent value through alternative means.

11        f.   Defendants shall prepare the above items – the items

12   that they have claimed as privileged – for immediate delivery to

13   the Plaintiff, should the Court rule that an item is not

14   privileged at the teleconference.

15        IT IS SO ORDERED.

16   DATED:   December 22, 2006

17                                   _____
                                     Peter C. Lewis
18                                   U.S. Magistrate Judge
                                     United States District Court
19

20

21   cc: All Parties
         Hon. William Q. Hayes

22

23

24

25

26

27

28

11